**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ENORCH D. HALL,**

      **Petitioner,**

v.                                            **Case No: 6:17-cv-762-Orl-37GJK**

**SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE
OF FLORIDA,**

      **Respondents.**
_____/

## ORDER

This cause is before the Court on the Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition") filed by Petitioner pursuant to 28 U.S.C. § 2254. The Rules governing habeas corpus cases permit a district judge to summarily dismiss a petition when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir.2014) (stating summary dismissal of a habeas petition is appropriate "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"). For the reasons set forth below, the Petition will be dismissed without prejudice.

          **I.    PROCEDURAL BACKGROUND**

A jury found Petitioner guilty of first degree murder. (Doc. 1 at 1). On January 15, 2010, the trial court sentenced him to death. Petitioner filed a direct appeal with the

Supreme Court of Florida, which affirmed. (*Id.* at 2). Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.851, which the trial court denied. (*Id.* at 3-4). Petitioner appealed and also filed in conjunction with the appeal a petition for writ of habeas corpus. The Supreme Court of Florida affirmed the denial of his Rule 3.851 motion and denied the petition for writ of habeas corpus. (*Id.*. at 4-5).

Petitioner currently has pending a second Rule 3.851 motion with the state trial court, which concerns the judgment of conviction and sentence under attack in this case.

## II. LEGAL STANDARDS

To be entitled to habeas relief, Petitioner must first satisfy the exhaustion requirement. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982); *Picard v. Connor*, 404 U.S. 270 (1971). A claim is exhausted when it has been "fairly presented" to the highest state court with an opportunity to apply controlling legal principles to the facts bearing on the constitutional claim. *Picard*, 404 U.S. at 275. The exhaustion requirement is not satisfied if there is a post-conviction proceeding, such as an appeal, still pending in state court, even if the issue to be challenged in the petition for writ of habeas corpus has been finally settled in the state courts. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983). This is because, even if the federal constitutional question raised by the petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. *See id.*

### III. ANALYSIS

In this case, petitioner is currently pursuing his state court remedies through a pending Rule 3.851 motion. Petitioner specifically states that he "has not had the opportunity to fully develop claims that arise from him having been sentenced pursuant to a statute that has been held to be unconstitutional." (Doc. 1 at 66).

"To allow simultaneous federal and state proceedings would offend the principles of comity that form the basis for the exhaustion requirement." *Brown v. Walker*, No. 1: 09–cv–2534–WSD, 2010 WL 3516820, at *1 (N.D. Ga. Aug. 31, 2010) (citing *Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir.1983). As a matter of comity, it is best left to the Florida state courts to determine Petitioner's constitutional claims and challenges, which are still pending and have not yet been exhausted. In particular, the pending state proceedings might result in the reversal of Petitioner's conviction and/or sentence and eliminate the federal question, thereby rendering any decision by this Court moot and wasting precious judicial resources. There is no indication that there has been any delay with regard to the pending state court proceedings, and Petitioner has not shown that existing circumstances render his available state remedies ineffective to protect his rights.

The Court must dismiss petitions that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Thus, when a federal habeas petition contains claims that are still pending in the state courts, and therefore unexhausted, the petition must be dismissed in order to provide the state courts with the opportunity to resolve the pending claims. *See Horowitz v. Wainwright*, 709 F.2d 1403,

1404 (11th Cir. 1983) ("[t]he principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing [Petitioner] to simultaneously pursue [his] appeal in Florida state court and [his] Section 2254 petition[] in federal court."); *Durham v. Wyrick*, 545 F.2d 41, 43 (8th Cir. 1976) (claims asserted in a federal habeas petition, which were also pending before a state court in a motion for postconviction relief, were unexhausted). In the present case, the Court concludes that this case should be dismissed in light of the pending proceedings in the state court.

As a result, the Court concludes that this case should be dismissed without prejudice so that the state proceeding may be exhausted.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

4

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a Certificate of Appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

5. All pending motions are **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida on May 17th, 2017.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 5/17