UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENOCH D. HALL,

      Petitioner,

v.                                          Case No:  6:17-cv-762-Orl-37GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

      Respondents.
_____/

## ORDER

This death penalty case is before the Court on the following matters:

1. Petitioner's Motion for Nunc Pro Tunc Appointment of Counsel Pursuant to the Criminal Justice Act (Doc. 2) is **DENIED WITHOUT PREJUDICE**. This case was stayed shortly after it was filed to allow Petitioner to pursue his state post-conviction remedies. Consequently, it is not clear whether Petitioner's request for appointment of counsel nunc pro tunc to March 28, 2017, is appropriate. Petitioner may file a revised Motion for Nunc Pro Tunc Appointment of Counsel reflecting the appropriate date from which the appointment should be and legal support for the request.

2. Respondents shall file a specific response to Petitioner's petition for writ of habeas corpus within **120 DAYS** from the date of this Order. **The Response shall include a table of contents and a table of citations** and shall also do the following:

(a) **State whether either the United States District Court Judge or the United States Magistrate Judge assigned to this case was involved in any of Petitioner's state court proceedings. Respondents have an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.**

(b) Summarize the results of any direct appellate and/or post-conviction relief sought by petitioner to include citation references and copies of all published opinions. Provide copies of appellant and appellee briefs from every appellate and/or post-conviction proceeding.

(c) State whether an evidentiary hearing was accorded Petitioner in the pre-trial, trial, and/or post-conviction stage and whether transcripts are available from those proceedings.

(d) Procure transcripts and/or narrative summaries in accordance with Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and file them concurrently with the initial pleading, but in no case later than thirty (30) days after the filing of the initial pleading.

(e) State whether Petitioner has exhausted available state remedies under the statutes or procedural rules of the state. If Petitioner has not exhausted available state court remedies, provide an analysis of those remedies or indicate whether Respondents waive the exhaustion requirement. *Thompson v. Wainwright*, 714 F.2d 1495 (11th Cir. 1983).

(f) Provide a detailed explanation of whether the petition was filed within the one-year limitation period set forth in 28 U.S.C. § 2244(d).

3. The Clerk is directed to send a copy of this Order, the amended petition (Doc. 32), and any supporting documentation to the Attorney General of Florida.

**DONE** and **ORDERED** in Orlando, Florida on September 27, 2019.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record