UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ENOCH D. HALL,**
    Petitioner,

v.                                       CASE NO.: 6:17-cv-762-Orl-37GJK

**SECRETARY, FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**And ATTORNEY GENERAL,**
**STATE OF FLORIDA**
    Respondent,
_____/

**PETITIONER'S AMENDED MOTION FOR NUNC PRO TUNC APPOINTMENT OF COUNSEL PURSUANT TO THE CRIMINAL JUSTICE ACT**

Pursuant to 18 U.S.C. § 3001 et seq., 18 U.S.C. § 3599, and *McFarland v. Scott*, 512 U.S. 849 (1994), Petitioner respectfully moves for an order appointing the Office of the Capital Collateral Regional Counsel-Middle (CCRC-M) as counsel to represent him in this federal habeas corpus action. In support of the motion, Petitioner shows:

1. Petitioner is a prisoner presently under a sentence of death in the State of Florida.

2. Petitioner is seeking federal habeas corpus relief in this district court.

3. Petitioner is indigent, was permitted to proceed in forma pauperis in his state postconviction court proceedings and is unable to pay costs incident to a 28 U.S.C. § 2254 action.

4. CCRC is a state agency charged with the statutory responsibility of providing legal representation in both state and federal capital postconviction proceedings to any person convicted and sentenced to death in Florida who is without counsel due to his indigency. Part IV,

Chapter 27, Florida Statutes (2019), is the CCRC enabling statute.

5. CCRC has been the attorney of record for Petitioner in his state postconviction proceedings since February 18, 2013.   It is the policy of the Eleventh Circuit that where the experience of counsel is apparent and no potential conflict of interest exists, district judges should appoint the same lawyers involved in the state postconviction and habeas proceedings as counsel in the federal habeas proceedings.

6. The trial court's denial of Petitioner's Rule 3.851 postconviction motion was upheld by the Florida Supreme Court and the Mandate was issued April 13, 2017.   On April 27, 2017, Petitioner filed his Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus.   Petitioner asked this Court to stay his federal petition while he litigated issues in State court that arose out of *Hurst v. Florida*, 136 S. Ct. 616 (2016) subsequent to his original Rule 3.851 postconviction motion. (Doc 11)   This Court granted the stay and ordered Petitioner to file with the Court, every ninety (90) days, a "Notice Regarding the Status of State Court Exhaustion."   (Doc 12).   On February 19, 2019, the United States Supreme Court, in USSC Case No. 18-6901, denied certiorari concerning Petitioner's successive State postconviction action. Upon exhaustion of Petitioner's successive State postconviction motion concerning issues arising out of *Hurst*, Petitioner moved this Court to lift the stay and allow him to amend his original Petition.   (Doc 29)

7. CCRC will require the services of investigators and experts to represent Petitioner. These services may be approved under subsection (e) of the Criminal Justice Act and § 21 U.S.C. 848(q).

8. The State of Florida, unlike many jurisdictions, has established a statutory right to counsel in capital postconviction proceedings. It has created and has specially funded CCRC to provide counsel to death-sentenced inmates in postconviction collateral actions. CCRC

representation extends to both the state and federal system to ensure continuity of counsel.

9. Both the United States Judicial Conference and the Eleventh Circuit have recognized that Criminal Justice Act funds are appropriate for jurisdictions such as Florida which have made a substantial fiscal contribution to providing counsel for death-sentenced inmates.

10. Section 27.702(3)(a) Florida Statutes (2019) states:

> (3) The capital collateral regional representative shall file motions seeking compensation for representing and reimbursement pursuant to 18 U.S.C. s. 3006A when providing representation to indigent persons in the federal court, and shall deposit such payments received into the Capital Collateral Trust Fund.

**WHEREFORE**, Petitioner requests:

1. CCRC be appointed counsel for Petitioner pursuant to 18 U.S.C. § 3006A et seq., and 18 U.S.C. § 3599 and that the date of appointment be entered nunc pro tunc to February 19, 2019, the date the United States Supreme Court denied certiorari concerning Petitioner's successive State postconviction action by the Florida Supreme Court.   All state court issues were exhausted by this date.

2. Petitioner be authorized, after appropriate application, to obtain investigative, expert or other services pursuant to 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599(f).

3. CCRC be awarded attorney compensation to be paid to the Capital Collateral Regional Counsel Trust Fund.

                Respectfully submitted,

                /s/ Ann Marie Mirialakis
                ANN MARIE MIRIALAKIS
                FBN: 0658308
                Assistant CCRC
                CAPITAL COLLATERAL REGIONAL
                COUNSEL - MIDDLE
                12973 N. Telecom Parkway

>Temple Terrace, FL 33637
>(813) 558-1600
>Attorney for Petitioner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing PETITIONER'S AMENDED MOTION FOR NUNC PRO TUNC APPOINTMENT OF COUNSEL PURSUANT TO THE CRIMINAL JUSTICE ACT will be furnished electronically by the Clerk of the Court through the CM/ECF system to Doris Meacham, Assistant Attorney General, Doris.Meacham@myfloridalegal.com and CapApp@myfloridalegal.com on the 2nd day of October, 2019.

>/s/ Ann Marie Mirialakis
>ANN MARIE MIRIALAKIS
>FBN: 0658308
>Assistant CCRC
>CAPITAL COLLATERAL REGIONAL
>COUNSEL - MIDDLE
>12973 N. Telecom Parkway
>Temple Terrace, FL 33637
>(813) 558-1600
>Attorney for Petitioner